[No. B175505. Second Dist., Div. Five. Apr. 13, 2005.]

MARTHA RODRIGUEZ, Plaintiff and Appellant, v.
TROY KIRCHHOEFEL, Defendant and Respondent.

**COUNSEL**

Law Offices of Joseph M. Lovretovich, Joseph M. Lovretovich and David F. Tibor for Plaintiff and Appellant.

Law Office of Beverly I. Mills and Beverly I. Mills for Defendant and Respondent.

**OPINION**

**MOSK, J.—**

## INTRODUCTION

Plaintiff and appellant Martha Rodriguez (plaintiff) sued defendant and respondent Troy Kirchhoefel (defendant) for negligent infliction of emotional

distress (NIED), alleging that plaintiff suffered emotional distress when she observed a car, negligently driven by defendant, strike and kill Catalina Macias (Macias). Defendant successfully moved for summary judgment on the ground that plaintiff was not related to Macias, and therefore, under *Thing v. La Chusa* (1989) 48 Cal.3d 644 [257 Cal.Rptr. 865, 771 P.2d 814] (*Thing*) and *Elden v. Sheldon* (1988) 46 Cal.3d 267 [250 Cal.Rptr. 254, 758 P.2d 582] (*Elden*), plaintiff cannot assert an NIED claim against defendant. Plaintiff appeals from the summary judgment, contending the trial court erred by granting summary judgment because there was evidence that plaintiff and Macias, although not related by blood, had a relationship similar to that of sisters. Because the Supreme Court in *Thing* and *Elden* made clear that the NIED cause of action is not available to plaintiffs who observe injuries negligently inflicted on de facto relatives, as opposed to blood or marital relatives, we affirm the judgment.

## BACKGROUND

On May 18, 2001, 15-year-old Macias was crossing a street in the City of Santa Clarita when she was struck by a car driven by defendant. Macias, who was in the pedestrian crosswalk at the time she was hit, was killed by the impact. Plaintiff was a few feet away from Macias when the car struck Macias. She saw Macias walk into the crosswalk and defendant's car enter the intersection against the signal and strike Macias. Plaintiff, who was 14 years old at the time of the accident, alleged that she suffered severe emotional distress as a result of seeing defendant's car hit Macias, with whom plaintiff shared a close relationship—similar to that of sisters.

Defendant moved for summary judgment on the ground that plaintiff cannot recover for NIED because she was not related to Macias. In support of his motion, defendant submitted plaintiff's deposition testimony in which plaintiff admitted she was not related to Macias. Although plaintiff did not dispute that she was not related by blood to Macias, she submitted evidence that (1) plaintiff and her mother had lived with Macias and her family "on and off" for "several extended periods of time"; (2) at the time of Macias's death, plaintiff had been living with her for two to three years; (3) plaintiff and Macias shared a bedroom when they lived together; and (4) plaintiff and Macias had known each other since plaintiff was six years old and were very close, regularly referring to themselves as sisters. The trial court granted

defendant's motion, finding that plaintiff did not have standing to bring an NIED claim because she could not establish that she had a close family relationship with Macias. Plaintiff filed a timely notice of appeal from the resulting judgment.

## DISCUSSION

In *Dillon v. Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912] (*Dillon*), the California Supreme Court for the first time held that in some circumstances a plaintiff may recover damages for NIED as the result of witnessing an accident in which a third party was injured by the defendant's negligence. The Supreme Court explained, however, that "[i]n order to limit the otherwise potential infinite liability which would follow every negligent act, the law of torts holds defendant amenable only for injuries to others which to defendant at the time were reasonably foreseeable." (*Id.* at p. 739.) The Supreme Court suggested that courts, when determining whether an emotional distress injury to a bystander is reasonably foreseeable, take into account the following three factors: "(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship." (*Id.* at pp. 740–741.)

Twenty years later, the Supreme Court had an opportunity to reexamine these factors in *Elden*, *supra*, 46 Cal.3d 267, a case involving an NIED claim brought by a passenger in an automobile in which his unmarried cohabitant, the driver, was killed. The court observed that over the years the factors "have been applied with varying degrees of flexibility." (*Id.* at p. 270.) But the court noted that "[w]ith regard to the third prong of the *Dillon* foreseeability test, i.e., whether the plaintiff and the victim were closely related, the cases have refused to extend recovery to friends or distant relatives of the injured person." (*Id.* at p. 271.) Recognizing that some appellate courts in California and elsewhere had extended the *Dillon* holding "to allow recovery by a bystander who had the 'functional and emotional equivalent' of a nuclear family relationship with the injured person," the court "decline[d] to follow the rationale of these decisions for to do so would result in the unreasonable extension of the scope of liability of a negligent actor."

(*Id.* at p. 277.) Explaining that "[t]he need to draw a bright line in this area of the law is essential," the court held that an unmarried cohabitant who claims to have a de facto marriage relationship with the injured person—just as other plaintiffs who claim to be de facto siblings, parents, grandparents, or children of an injured person—cannot state a cause of action for NIED. (*Ibid.*)

■    The Supreme Court reiterated this need for a bright line in *Thing*, *supra*, 48 Cal.3d 644. Although the narrow issue in that case was whether a mother who did not witness an accident in which her child was injured could recover NIED damages for the emotional distress she suffered when she arrived at the accident scene, the Supreme Court took the opportunity to address the "more important issue" of whether the factors identified in *Dillon*, *supra*, 68 Cal.2d 728 "are adequate, or if they should be refined to create greater certainty in this area of the law." (*Thing*, *supra*, 48 Cal.3d at p. 647.) The court concluded that greater certainty was required. In reaching this conclusion, the court reiterated the considerations referred to in *Elden*, *supra*, 46 Cal.3d at pages 276–277, in emphasizing the need to "avoid limitless liability out of all proportion to the degree of a defendant's negligence" and to lessen the "burden on the courts in applying vaguely defined criteria." (*Thing*, *supra*, 48 Cal.3d at p. 664.) The court noted that "[t]he issue resolved in *Elden* was too narrow to create [the essential] 'bright line' for all NIED actions." Thus, the court undertook to create a "bright line" for all NIED actions—"a clear rule under which liability may be determined," (*ibid.*) even though, as the court acknowledged, that "bright line" sometimes will produce arbitrary results. (*Ibid.*) The court held "that a plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress—a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances." (*Id.* at pp. 667–668, fns. omitted.)

Relying upon a footnote in *Thing, supra,* 48 Cal.3d at page 668, footnote 10, plaintiff contends the trial court erred by finding that the close relationship referenced in the first factor set forth in *Thing, supra,* 48 Cal.3d at pages 667 to 668, is limited to a blood or marital relationship. In that footnote, the Supreme Court stated, "In most cases no justification exists for permitting recovery for NIED by persons who are only distantly related to the injury

victim. Absent exceptional circumstances, recovery should be limited to relatives residing in the same household, or parents, siblings, children, and grandparents of the victim." (*Thing* at p. 668, fn. 10.) Plaintiff argues that, by this language, the Supreme Court acknowledged that persons who have relationships other than blood or marital relationships may recover if "exceptional circumstances" are present, and that exceptional circumstances are present in this case. Plaintiff misconstrues the footnote.

■ Earlier in the opinion, the Supreme Court discussed the justification for limiting NIED claims to third parties who personally observe the injury-producing event—"[g]reater certainty and a more reasonable limit on the exposure to liability for negligent conduct"—and stated that "[s]imilar reasoning justifies limiting recovery to persons *closely related by blood or marriage.*" (*Thing, supra,* 48 Cal.3d at p. 666, italics added.) It is in this context that one must read the language upon which plaintiff here relies. Given the court's emphasis on the need to limit liability to persons *closely related by blood or marriage,* the second sentence of the footnote cannot be read to allow recovery by persons who are not related by blood or marriage when there are "exceptional circumstances." The footnote explains that recovery for NIED is limited to persons who are (1) parents, siblings, children, or grandparents of the victim, regardless of whether they reside with the victim; (2) other relatives of the victim if they reside with the victim; or (3) other relatives of the victim, even if they do not reside with the victim, if "exceptional circumstances" are present.[1]

Applying the standard of review applicable to motions for summary judgment, we have reviewed the record in this case de novo to determine whether there is a triable issue of material fact and whether defendant is entitled to judgment as a matter of law. (*Galanty v. Paul Revere Life Ins. Co.* (2000) 23 Cal.4th 368, 374 [97 Cal.Rptr.2d 67, 1 P.3d 658].) Because there is no dispute that plaintiff is not related by blood or marriage to Macias, the victim, and therefore plaintiff cannot recover for NIED as a matter of law, we hold the trial court correctly granted summary judgment to defendant.

---

[1] The court in *Moon v. Guardian Postacute Services, Inc.* (2002) 95 Cal.App.4th 1005, 1013 [116 Cal.Rptr.2d 218] [son-in-law had no NIED claim against a nursing facility for alleged mistreatment of mother-in-law] asserts that the court in *Thing, supra,* 48 Cal.3d 644 "provides little guidance" as to "exceptional circumstances" provided for in footnote 10 "other than to stress that the court intended to limit the class of NIED plaintiffs." The court in *Moon* does not set forth a clear exposition of the term "exceptional circumstances."

## DISPOSITION

The judgment is affirmed. Defendant shall recover his costs on appeal.

Armstrong, Acting P. J., and Kriegler, J.,[*] concurred.

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.